ESTATE OF A. E. STALEY, SR., A. E. STALEY, JR., EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 103754.    Promulgated July 2, 1942.

*Charles C. LeForgee, Esq.*, for the petitioner.
*Franklin F. Korell, Esq.*, and *David Altman, Esq.*, for the respondent.

264

OPINION.

ARUNDELL: The single question raised in this proceeding is whether the $150,000 paid to decedent out of the income of the five trusts created by him for the benefit of his five children is to be taxed as ordinary income or is to be treated as a return of capital. The provision in the trust instruments for this payment was inserted, according to the testimony, to provide money to assist decedent in the payment of a very large gift tax on the transfers in trust.

Petitioner argues that each trust instrument has a provision requiring the payment to decedent of a consideration of $30,000 and that as the payment was made pursuant to this provision, it follows that the sum received was not income but must be regarded as "consideration." But this is an over-simplification. It does not follow that all money received in consideration for the transfer of property, whether in trust or otherwise, is a return of capital. The record in this case is completely barren of any testimony disclosing the basis of the shares of stock in the A. E. Staley Manufacturing Co. which were transferred to the several trusts. The necessity for this proof was repeatedly pointed out to counsel for the petitioner, both at the outset of the hearing and during the course of the trial of the case. Thus, if we accept the approach of petitioner that the $150,000 was paid decedent in consideration for making the transfer, there is a complete failure of proof in establishing how much, if any, of this sum represented a return of capital to him. Nor do we think there is any merit in petitioner's argument, suggested for the first time in his reply brief, that, assuming the full $150,000 to be profit on the transfers in trust, this profit was realized in 1934, when the trusts were created, and not in 1935, when the money was paid over. The stated consideration was to be paid solely out of income if, as, and when received by the trusts and not otherwise. The decedent did not treat the transaction as a sale of securities in the making of his 1934 income tax return and in fact made no mention of having sold any

shares to the several trusts. The income tax law and regulations have always required an identification of the shares sold, a statement of their cost or other basis, the time of their acquisition, and the length of their holding. Regulations 86, art. 22(a)–8; *Norman Cooledge*, 40 B. T. A. 110; *Lakeside Irrigation Co.* v. *Commissioner*, 128 Fed. (2d) 418. The testimony in this proceeding is that the decedent rejected the idea of a sale of these shares to the several trusts but adopted instead the plan already described.

At one point in the presentation of this case petitioner's counsel seemed to advance the argument that the $150,000 was consideration for the execution of the trusts as distinct from a payment for the shares transferred. If this were true, the $150,000 would necessarily be taxed to decedent in full, since there clearly was no cost or other basis shown for the execution of the trusts.

While in our opinion the record would not support a decision in petitioner's favor even on his own hypothesis, we are not disposed, however, to rest our decision on a failure of proof on the part of petitioner.

The treatment of the money received by decedent as a return of capital from the sale of securities seems to us entirely artificial. Petitioner was making a gift of property to his children. He was not selling them shares of stock. One does not sell over $2,000,000 worth of shares for $150,000. It is equally artificial to treat the transactions as in part a sale and in part a gift. The property transferred was for shares of stock and if it had been decedent's intention to sell some of those shares he could have easily designated the ones he intended to sell as distinct from those that he was giving away. Since there was no bona fide sale of stock, the case of *Reginald Fincke*, 39 B. T. A. 510, relied upon by petitioner, is clearly distinguishable. The simple fact is that decedent was providing a means of securing $150,000 from the first income of the trusts, and this income he received. The fact that payment of the $150,000 was to be made out of income is indicative of decedent's retention of a right to income in that amount. See *Bettendorf* v. *Commissioner*, 49 Fed. (2d) 173. Whether we say decedent made himself a preferred beneficiary of the trusts to the extent provided, *Annie Louise Van Aken*, 35 B. T. A. 151, or that he reserved $150,000 of the income of the trusts when he made the gifts, *Michael Fay et al., Executors*, 34 B. T. A. 662, is of no particular importance in determining the fundamental question of whether or not the sum received was taxable income. Nothing more nor less than gifts of the shares was involved and the $150,000 was received by decedent as income rather than return of capital.

*Decision will be entered for the respondent.*